**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 14-01877 EAG |
| ANIBAL AYALA RODRIGUEZ MARELI IRIZARRY VARGAS, | CHAPTER 13 |
| DEBTORS. | |
| ILUMINADA LOPEZ SANTOS, DOMINGO ORTIZ SANTIAGO AND THE LEGAL CONJUGAL PARTNERSHIP COMPRISED BY THEM | ADV. PROCEEDING NO. 14-00101 |
| PLAINTIFFS, | |
| v. | |
| ANIBAL AYALA RODRIGUEZ MARIELI IRIZARRY VARGAS, | FILED & ENTERED ON 07/06/2015 |
| DEFENDANTS. | |

**OPINION AND ORDER**

Plaintiffs Iluminada López Santos, Domingo Ortiz Santiago, and their conjugal partnership move for summary judgment on their complaint to except from discharge claims against defendants/debtors Aníbal Ayala Rodríguez and Mareli Irizarry Vargas. [Adv. Dkt. No. 23.]  The claims are for personal injuries suffered by the plaintiffs in an accident which resulted from the unlawful operation of a motor vehicle by Mr. Ayala while intoxicated.  For the reasons stated below, the plaintiffs' motion for summary judgment is granted as against Mr. Ayala, but denied as to Mrs. Irizarry.

## I. JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.).[1] This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. PROCEDURAL BACKGROUND

Aníbal Ayala Rodríguez and Mareli Irizarry Vargas filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on March 12, 2014, which was docketed as case number 14-01877. [Bankr. Dkt. No. 1.] In schedule F, the debtors/defendants included as a creditor plaintiff Iluminada López Santos and her attorney, Elías L. Fernández Pérez, with a claim in the amount of $245,000.00, based on "damages and losses" related to a "motor vehicle accident." [Bankr. Dkt. Nos. 1 & 33.]

On April 25, 2014–before the expiration of the claims bar date–the plaintiffs filed proofs of claim based on debt for personal injury nondischargeable under section 523(a)(9). [Claims Register Nos. 4-1, 5-1 & 6-1.] The plaintiffs attached to their claims a judgment by default in their favor and against the debtors/defendants in the amount of $245,000.00, issued on February 24, 2014 and noticed on March 5, 2014 by the Ponce Superior Court.[2] [Claims

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

[2] At the time the defendants Mr. Ayala and Ms. Irizarry filed their voluntary petition for relief under chapter 13, on March 12, 2015, the judgment by default issued by the Ponce Superior Court on February 24, 2015 and noticed by the Clerk of the Superior Court on March 5, 2015 was not final and

Register Nos. 4-1, 5-1 & 6-1.]  Mrs. López filed a proof of claim in the amount of $195,000.00 [Claims Register No. 4-1.] Mr. Ortiz filed a proof of claim in the amount of $45,000.00. [Claims Register No. 5-1.]  The conjugal partnership of Ms. López and Mr. Ortiz filed proof of claim number 6 in the amount of $5,000.00.[3] [Claims Register No. 6-1.]  The defendants did not object to any of these claims.

The plaintiffs commenced, on May 9, 2014, the adversary proceeding of caption to except their claims from discharge under section 523(a)(9). [Bankr. Dkt. No. 21; Adv. Dkt. No. 1.]  The complaint alleges that the plaintiffs suffered injury as a result of the unlawful operation by Mr. Ayala of a motor vehicle while intoxicated from alcohol consumption, and requests the court to find the debt nondischargeable under section 523(a)(9).  [Adv. Dkt. No. 1.] The defendants answered the complaint on May, 22, 2014. [Adv. Dkt. No. 9.]

On December 24, 2014, the plaintiffs moved for summary judgment against the defendants. [Adv. Dkt. No. 23.]  The plaintiffs supported their proposed statement of uncontested facts with a request for admissions that was served upon the defendants on November 23, 2014 and not answered. [Id.] The defendants did not oppose the motion for

---

unappealable. See, P.R. Laws Ann. tit. 32 App. V. R. 52.2(a) (2009), which provides a thirty day term to file an appeal upon the notice of judgment.

[3] The proof of claim filed by the conjugal partnership of Ms. Lopez and Mr. Ortiz for $5,000.00 under the judgment issued by the Ponce Superior Court is due to property loss related to the car accident.

3

summary judgment.[4] [Adv. Dkt. No. 26.] On February 17, 2015, the plaintiffs moved the court to grant their summary judgment request as unopposed. [Id.]

### III.  LOCAL ANTI-FERRETING RULE

The local anti-ferreting rules "aid the court in identifying genuine issues of material fact which will necessitate denial of summary judgment . . . ." Rosa Morales v. Santiago Diaz, 338 F. Supp.2d 283, 294 n.2 (D.P.R. 2004) (citing L.Civ.R. 56(c) and Corrada Betances v. Sea-Land Serv. Inc., 248 F.3d 40, 43-44 (1st Cir. 2001)).  Local Civil Rule 56(b) requires a party moving for summary judgment to file, annexed to its motion, "a separate, short and concise statement of the material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried . . . supported by a record citation . . . ." L.Civ.R. 56(b).  Local Civil Rule 56(c) then requires the nonmoving party to submit with its opposition a "separate, short, and concise statement of material facts," admitting, denying or qualifying the facts by reference to each numbered paragraph with references to the record. L.Civ.R. 56(c).  Local Civil Rule 56(e) provides that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."  The anti-ferreting provisions of Local Civil Rule 56 also provide that the court has "no duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." L.Civ.R. 56(e).

---

[4] As per the minutes of the initial scheduling conference held on September 9, 2014, the defendants had until January 25, 2015, to oppose the motion for summary judgment.  Although that deadline had already expired, the court on January 28, 2015, motu proprio, ordered the defendants to state their position on the motion for summary judgment by February 11, 2015.  [Adv. Dkt. No. 24.] The defendants failed to comply with said court order.

The court deems that the plaintiffs complied with Local Civil Rule 56(b) by including in their motion for summary judgment a separate section which contains the plaintiffs' uncontested material facts in individually numbered paragraphs and is supported by record citations. The defendants, however, ran afoul of Local Civil Rule 56(c) by failing to oppose the plaintiffs' proposed uncontested material facts. Therefore, as provided by Local Civil Rule 56(e), all properly supported facts set forth by the plaintiffs are deemed admitted. See Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 45-46 (1st Cir. 2004) ("We have consistently upheld the enforcement of this rule, noting repeatedly that 'parties ignore [it] at their peril' and that 'failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted.'") (quoting Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) (citing prior cases)).

## IV. UNCONTESTED FACTS

The following facts are uncontested pursuant to Rule 56 and Local Civil Rule 56, made applicable to these proceedings by Bankruptcy Rules 9014(c) and 7056 and Local Bankruptcy Rules 1001-1(b) and (d). These facts are also substantiated and uncontested by the unanswered request for admissions served upon the defendants in accordance with Rule 36, made applicable herein through Bankruptcy Rule 7036.[5]

The car accident which resulted in personal injury to the plaintiffs occurred on July 29, 2012 at approximately 9:50 p.m in road 368 in Yauco, Puerto Rico. [Plaintiffs' Proposed

---

[5] Rule 36(3) provides that a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objections addressed to the matter and signed by the party or its attorney. See, Fed. R. Civ. P. 36(3).

Uncontested Facts at ¶¶1 & 2, Dkt. No. 23-1.] Road 368 has only two lanes that go in opposite directions. [Plaintiffs' Proposed Uncontested Facts at ¶ 2, Dkt. No. 23-1.] Only two vehicles were involved in the car accident: a 2011 Mitsubishi Outlander belonging to the plaintiffs and a 1997 Toyota Tacoma belonging to co-defendant Mr. Ayala. [Plaintiffs' Proposed Uncontested Facts at ¶¶ 3-5, Dkt. No. 23-1.]

On the night of the accident, at approximately 9:50pm, Iluminada Ortiz López ( the plaintiffs' daughter) was driving the plaintiffs' Mitsubishi Outlander. [Plaintiffs' Proposed Uncontested Facts at ¶ 6, Dkt. No. 23-1.] Co-plaintiff Mrs. López was a passenger. [Id.] At that time, co-defendant Mr. Ayala drove his Toyota Tacoma into the lane occupied by the plaintiffs' Mitsubishi Outlander causing a head-on collision between the two vehicles. [Id.] A blood alcohol test was performed on Mr. Ayala that same night on or around 11:30pm, which revealed a 0.20% blood alcohol level. [Plaintiffs' Proposed Uncontested Facts at ¶ 7, Dkt. No. 23-1.]

The car accident was a direct result of Mr. Ayala's gross negligence by unlawfully operating a motor vehicle while being intoxicated from alcohol consumption. [Plaintiffs' Proposed Uncontested Facts at ¶¶ 9-10, Dkt. No. 23-1.] As a result of the accident, plaintiffs Ms. López and Mr. Santiago suffered personal injury damages amounting to $195,000 and $45,000, respectively. [Plaintiffs' Proposed Uncontested Facts at ¶11, Dkt. No. 23-1.]

### V.  SUMMARY JUDGMENT STANDARD

The standard for summary judgment is well-known. Pursuant to Rule 56, made applicable to these proceedings by Bankruptcy Rules 7056 and 9014(c), summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c);

Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). The moving party bears

the burden of showing that "no genuine issue exists as to any material fact" and that he is

"entitled to judgment as a matter of law." Vega-Rodríguez v. P.R. Tel. Co., 110 F. 3d 174, 178

(1st Cir. 1997).

Once a properly supported motion has been presented before the court, the opposing

party "can shut down the machinery only by showing that a trial-worthy issue exists" that

would warrant the court's denial of the motion for summary judgment. McCarthy v. Northwest

Airlines, 56 F.3d 313, 315 (1st Cir. 1995). For issues where the opposing party bears the

ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence,

but must affirmatively point to specific facts that demonstrate the existence of an authentic

dispute." Id. However, not every factual dispute is sufficient to frustrate summary judgment;

the contested fact must be material and the dispute over it must be genuine. Id. An issue is

"genuine" if it could be resolved in favor of either party. A fact is "material" if it is potentially

outcome-determinative. See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st

Cir. 2004).

In assessing a motion for summary judgment, the court "must view the entire record

in the light most hospitable to the party opposing summary judgment, indulging in all

reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st

Cir. 1990) (citations omitted). The court may safely ignore "conclusory allegations, improbable

inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896

F.2d 5, 8 (1st Cir. 1990) (citations omitted). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) . . . ." Greenburg v. P.R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987); see also Mulero-Rodríguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury.") (quoting Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 34 (1st Cir. 1990)).

## VI. APPLICABLE LAW AND DISCUSSION

Section 523(a)(9) excepts from discharge "any debt . . . for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance." 11. U.S.C. § 523(a)(9). In order to except the defendant's debt to plaintiff from discharge under section 523(a)(9), the court must find that the plaintiff's personal injury was caused by the defendant's unlawful operation of a motor vehicle while being intoxicated from using alcohol, a drug or other substance. Section 523(a)(9) is limited to debts for personal injury and not debts for injury to property. Metro Gov't by & Through Electric Power Bd. v. Williams (In re Williams), 175 B.R. 17, 19 (Bankr. M.D. Tenn. 1994). Personal injury means "physical or mental impairment, damage, loss or detriment to a person." Id.

A claimant must prove three elements for the nondischargeability of a debt under Section 523(a)(9): (1) the existence of a debt for death or personal injury; (2) caused by operation of a motor vehicle, vessel or aircraft; and (3) which was being operated unlawfully

8

under state law due to the debtor's intoxication. 4 Alan N. Resnick & Henry J. Sommer, <u>Collier on Bankruptcy</u> ¶ 523.15 (16th ed. 2014); <u>see</u> <u>also</u> <u>Rosado v. Colon (In re Rosado)</u>, 2009 Bankr. LEXIS 3382, at *21-22 (Bankr. D.P.R. Oct. 13, 2009).

The uncontested facts show that: (1) the plaintiffs Ms. López and Mr. Santiago suffered personal injury damages amounting to $195,000 and $45,000, respectively; (2) the personal injury was caused by co-defendant Mr. Ayala while he was operating a motor vehicle; and (3) co-defendant Mr. Ayala had 0.20% blood alcohol and therefore was operating the motor vehicle unlawfully.[6] The plaintiffs have satisfied all three elements of nondischargeability of a debt under section 523(a)(9) as to co-defendant Mr. Ayala. No material fact is contested.

But, the facts that the plaintiffs have proved in their motion for summary judgment show that there is no basis to except from discharge their claims as against defendant Mrs. Irizarry under section 523(a)(9). And a reading of the plaintiffs' adversary complaint likewise shows that it fails to state a claim for relief under section 523(a)(9) as to defendant Mrs. Irizarry. As such, the plaintiffs are ordered under Rule 56(f) to show cause within 21 days as to why the complaint should not be dismissed as to Mrs. Irizarry.

---

[6] A blood alcohol level of 0.20% is more than twice the legally permitted level to operate a motor vehicle in Puerto Rico. <u>See</u>, P.R. Laws Ann. tit. 9, § 5202(a)(2014).

9

**VII. CONCLUSION.**

For the above reasons, the plaintiffs' motion for summary judgment [at Adv. Dkt. No. 23] is partially granted to except from discharge pursuant to section 523(a)(9) of the Bankruptcy Code the debts owed to plaintiffs Iluminada Lopez Santos and Domingo Ortiz Santiago by co-defendant Anibal Ayala Irizarry for personal injuries resulting from an accident occurred by the unlawful operation of a motor vehicle in the amount of $195,000.00 [Claims Register No. 4-1] and $45,000.00 [Claims Register No. 5-1], respectively.

The motion for summary judgment [at Adv. Dkt. No. 23] is partially denied as to defendant Marieli Irizarry Vargas. The plaintiffs are ordered to show cause within 21 days as to why the complaint [at Adv. Dkt. No. 1] should not be dismissed as to Mrs. Irizarry.

In Ponce, Puerto Rico, this 6th day of July 2015.

Edward A. Godoy
U.S. Bankruptcy Judge